CASE No. 971.

RILEY v. GAINES.

1. The lien of a judgment upon the share of a joint tenant is subordinate to the right of his co-tenants to have partition made; and, after partition, the lien is transferred to the interest of the judgment debtor in the land assigned to him, or in the proceeds of the sale.
2. One tract in severalty being assigned under partition proceedings to one of the tenants, he is entitled to a homestead in such tract, as against a judgment then having a lien upon his real estate.
3. In the absence of evidence upon the subject, it must be assumed that the commissioners in partition acted impartially towards all parties interested.
4. Lands cultivated by a judgment debtor, adjoining the tract upon which he resides, with his mother, may properly be assigned to him as a homestead exemption.

Before PRESSLEY, J., Anderson, September, 1879.

Hon. Thomas B. Fraser, judge of the third circuit, sat at the hearing in this court, in the place of Associate Justice McGowan, who had been of counsel in the court below.

This was an action by Frances S. Riley, one of the distributees of Nathaniel Gaines, who died intestate, against Clarisy Gaines, Marshall B. Gaines and others, distributees of the said Nathaniel, and also against the State Savings and Insurance Bank of Anderson, South Carolina, for a partition of five tracts of land of which Nathaniel Gaines died seized and possessed. The defendant bank held a judgment against Marshall B. Gaines, obtained before the death of the intestate. The interest of Marshall B. Gaines in these five tracts, according to their appraisement by the commissioners in partition, amounted in the aggregate to $279; and the tract assigned to him in severalty was appraised at $350. The excess he was ordered to pay. All other matters necessary to a full understanding of the case are stated in the opinion of the court.

The defendant bank appealed.

*Mr. Jos. N. Brown*, for appellant, cited *Const. of S. C., Art.*

*II.,* § 32; 15 *Stat.* 369; 11 *S. C.* 333; *Thomp. on Home. and Exemp.,* §§ 100, 145; 5 *Cal.* 244; 6 *Id.* 416; 26 *Wis.* 579; *Smith on Homes.,* § 137; 5 *S. C.* 11.

*Messrs. Moore* and *Allen,* contra.

January 13th, 1881. The opinion of the court was delivered by

McIver, A. J. Marshall B. Gaines, as one of the heirs-at-law, was entitled to an undivided interest in the real estate of his deceased father, Nathaniel Gaines. Such real estate "consisted of five several tracts or parcels, three of them adjoining each other, one of which embraced the homestead of said Nathaniel Gaines, with whom the respondent [M. B. Gaines] resided, and containing in the aggregate four hundred and ten acres. The other tracts or parcels, containing in the aggregate two hundred and sixty acres, were not connected with the three places constituting the home place, and were two or three miles distant." The bank, appellant, having obtained a judgment against Marshall B. Gaines, prior to the death of his father, levied on his undivided interest in the said several tracts of land, and advertised the same for sale, when the said Marshall B. Gaines interposed his claim of homestead. It was then agreed that one of the heirs—the plaintiff in this case—should file a complaint for partition, making the said bank and the other heirs parties, so that the rights of the several parties might be determined. To this complaint Marshall B. Gaines filed an answer assenting to the prayer for partition, and setting up his claim of homestead in the portion; whether of money or land, which should be allotted to him on such partition. The bank also answered, denying the claim of Marshall B. Gaines to homestead upon various grounds, which are hereinafter stated. It was conceded at the hearing below that Marshall B. Gaines was the head of a family and resided on the home place with his mother, which, though composed of three tracts, in fact constituted one body of land. The return of the commissioners in partition was made, in which they recommended that the land be divided into five tracts, that tract No. 1, embrac-

ing the dwelling-house, where the widow and Marshall B. Gaines resided, be allotted to the widow; that tract No. 2, adjoining No. 1 and being a part of the home place and under cultivation by Marshall B. Gaines, be allotted to him, and that the other three tracts be sold. This return was confirmed, except as to the tract allotted to the widow, which was also ordered to be sold, and the Circuit judge having held that Marshall B. Gaines was entitled to claim a homestead in the tract of land assigned to him in the partition, the bank gave notice of appeal upon the following grounds:

"1. Because the said Marshall B. Gaines is not entitled to have a homestead assigned to him in his undivided interest in the real estate of his father, the same not being his family homestead.

"2. Because a defendant in execution has no right of homestead in separate parcels of real estate not adjoining each other.

"3. Because the interest of Marshall B. Gaines in one or more tracts of real estate under levy cannot be transferred to other parcels so as to give him a homestead therein.

"4. Because the interest of said Marshall B. Gaines in said several tracts cannot be assigned to him, whether in money or land, so as to divest the lien of the judgment and execution, and to protect said supposed right of homestead.

"5. Because in no point of view could he be entitled to homestead in any portion except that on which he, with his mother, resided, being the family homestead of his father.

"6. Because the family homestead on which said defendant resided, 'consisting of dwelling-house, out-buildings and lands appurtenant,' was first assigned to his mother and then sold, and he was not entitled to homestead in any other."

Marshall B. Gaines was entitled to an undivided interest in the whole of the real estate of which his father died seized, but where that interest would be located—whether in a single tract or in one-eighth of two-thirds of each of the five tracts, could not be determined until partition was made. It could not be said that he had an interest in any particular tract, or, in fact, in any of the land, for it was quite possible that his interest might have been assigned to him in money, and it was not im-

possible that he might have no interest at all, if he had received advancements to the full value of his share of the estate. Hence, as said by Duncan, Ch., in *Keckeley* v. *Moore,* 2 *Strob. Eq.* 23, "It is quite manifest that until partition made, it is impossible to determine whether the child will be entitled to any, or to what portion of the estate." Thus, while it is true that the judgment of the appellant was a lien upon the undivided interest of Marshall B. Gaines in the real estate of his deceased father, yet that lien was subordinate to the right of the other heirs to have partition made; and if, upon such partition, the whole of the land had been sold, or if it had been assigned to one or more of the other heirs, the lien of the judgment *upon the land* would have been divested and transferred to the interest of Marshall B. Gaines in the proceeds of the sale, or in the amount which those to whom the land had been assigned were decreed to pay for equality of partition. *Rabb* v. *Aiken,* 2 *McC. Ch.* 118; *Keckeley* v. *Moore,* 2 *Strob. Eq.* 21; *Burriss* v. *Gooch,* 5 *Rich.* 6; *Garvin* v. *Garvin,* 1 *S. C.* 62.

So in this case, after the partition was made, locating what had been before the *undivided* interest of Marshall B. Gaines in tract No. 2, the lien of the appellant's judgment upon all the balance of the land was divested and transferred to that tract, because it was then ascertained that he had no interest in any other portion of the land, but his entire interest was confined to that tract, and in that tract alone could he be said to have any claim of homestead.

It is true that there may be a practical difficulty in *assigning* a homestead in a judgment debtor's undivided interest, but that difficulty does not present itself here, because the interest of the judgment debtor, which, at one time, was undivided and uncertain, has now been ascertained and defined, and we see no reason why a homestead may not be claimed therein as well as in a piece of real estate which had always been held in severalty. If the interest of the judgment debtor had been assigned to him in one of the outlying tracts, then it might have been necessary to consider the question whether such tract was appurtenant to the family residence of the debtor, even though not contiguous to it; but when, as in this case, his interest has been ascertained to

be in a part of the home place, adjoining the tract on which he resided, and cultivated by him in connection with the place on which he resided, no such question can arise. We are therefore unable to see any foundation for the first ground of appeal.

The second ground of appeal raises an abstract question not applicable to the facts of this case, for it does not appear that the respondent, Gaines, is claiming a homestead "in separate parcels of real estate not adjoining each other."

As to the third and fourth grounds of appeal, it is sufficient to say that there is no evidence before us that the commissioners in partition assigned tract No. 2 to Marshall B. Gaines, for the purpose of enabling him to defeat the judgment of appellant by setting up this claim of homestead, and, on the contrary, in the absence of any evidence upon the subject, we are bound to assume that the commissioners, in compliance with their sworn duty, acted fairly and impartially, and made such partition as, in their judgment, was best for the interests of all parties concerned.

The fifth and sixth grounds of appeal are not well taken. The constitution does not confine the claim of homestead to the particular tract of land on which the claimant resides, but extends it to lands "appurtenant" to the dwelling, whether of the same tract or not, and respondent here, as we have seen, only claims a homestead in land adjoining and appurtenant to the family residence—in fact, a part of the same body of land on which the residence was located.

The judgment of the Circuit Court is affirmed.

SIMPSON, C. J., and FRASER, A. A. J., concurred.